UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                     Case No. 18-cr-20256
                                       HON. MARK A. GOLDSMITH

D-3 KARINA GARCIA,

       Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT (Dkt. 50)**

This matter is before the Court on Defendant Karina Garcia's motion to dismiss indictment (Dkt. 50). This issue has been fully briefed; the Court dispenses with oral argument because it will not aid the decisional process. For the reasons discussed below, the Court grants Garcia's motion.

**I. BACKGROUND**

On April 9, 2018, a criminal complaint was filed against Defendant Karina Garcia alleging that she violated 21 U.S.C. §§ 841(a)(1), 846, conspiracy to possess with intent to distribute and to distribute a controlled substance. See Crim. Compl. (Dkt. 1). On April 11, 2018, the magistrate judge held a detention hearing, after which he entered an order releasing Garcia from detention subject to certain conditions. See 4/11/2018 Order (Dkt. 28). Despite the magistrate judge's order of release, Garcia was transferred from criminal custody into the custody of Immigration and Customs Enforcement ("ICE"), in light of ICE's pending detainer. Garcia has since been placed in removal proceedings. An indictment was also filed against Garcia, alleging that she engaged in

1

conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846. See Indictment (Dkt. 32). Garcia now argues that ICE is not planning to immediately proceed with her removal, but is instead detaining her for the sole purpose of ensuring her appearance in these criminal proceedings, in contravention of the magistrate judge's order of release.

## II. BACKGROUND

This case deals with the tension between the Bail Reform Act of 1984 ("BRA"), 18 U.S.C. § 3141, et seq., which governs the detention of those charged with federal criminal offenses, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq., which governs the administrative detention of those in removal proceedings. Under the BRA, any person charged with a federal offense shall be released pending trial unless a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); see also 18 U.S.C. § 3142(a), (b). Under the INA, those who are not subject to a final order of removal are detained under 8 U.S.C. § 1226, which provides for discretionary detention for those held under § 1226(a), and mandatory detention for those detained under § 1226(c). The issue in this case concerns which statute, the BRA or the INA, governs where an alien is subject to both criminal and removal proceedings.

In support of her motion, Garcia relies on United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167, 1169 (D. Or. 2012) and its progeny. The court in Trujillo-Alvarez began by noting that the BRA does not exclude noncitizens from consideration for pretrial release, and "[t]hus, persons who are not citizens must be treated under the BRA like all other persons charged with an offense." Id. at 1174. It then rejected arguments by the Government that the existence of an ICE detainer

and possibility of removal before trial satisfies the Government's burden under the BRA, and that ICE is permitted to take an alien into administrative custody. The court then held that "the Executive Branch has a choice to make. It may take an alien into custody for the purpose of removing or deporting that individual or it may temporarily decline to do so while criminal proceedings are maintained against that person . . . What neither ICE nor any other part of the Executive Branch may do, however, is hold someone in detention for the purpose of securing his appearance at a criminal trial without satisfying the requirements of the BRA." Id. at 1179; see also United States v. Boutin, 269 F. Supp. 3d 24, 29 (E.D.N.Y. 2017) ("The Court's duty is to treat defendant like any other alleged offender under the Bail Reform Act ... [which] is not dependent upon the way in which ICE decides to act. It may not allow the Executive Branch to have it all ways. Accordingly, the Executive Branch should decide where its priorities lie: either with a prosecution in federal district court or with removal of the deportable alien.") (internal quotations omitted); see United States v. Blas, No. CRIM. 13-0178-WS-C, 2013 WL 5317228, at *3 (S.D. Ala. Sept. 20, 2013) ("[O]nce the Secretary opts for prosecution over deportation—as is clear in this case—and invokes the jurisdiction of this Court, this Court has priority or first standing and administrative deportation proceedings must take a backseat to court proceedings until the criminal prosecution comes to an end.").

In response, the Government argues that Garcia's motion is premature because she is not yet subject to a final order of removal. It notes that the aliens in both Trujillo-Alvarez and Boutin had final orders of removal, and thus were being held under 8 U.S.C. § 1231, while Garcia is being detained as part of pre-removal proceedings pursuant to § 1226. It is unclear why this distinction is material. In her reply, Garcia notes that courts have ordered ICE to release those subject to release under the BRA regardless of whether a final order of removal has been entered. She cites

to United States v. Hernandez-Bourdier, No. 16-222-2, 2017 WL 56033 (W.D. Pa. Jan. 5, 2017), where, like here, the defendant was charged pursuant to 21 U.S.C. §§ 841, 846. The court conducted an analysis under the BRA and determined that the defendant had rebutted the presumption against detention, and that the Government could not establish by a preponderance that the defendant posed a risk of flight. However, because the defendant overstayed his tourist visa, an ICE detainer was lodged against him. After reviewing the rulings in Trujillo-Alvarez and Blas, the court stated that "[t]hose decisions support the conclusion that . . . if the order of release becomes final, defendant would have to be released on the bond set subject to the conditions of release imposed and could not be detained by ICE. If ICE detained defendant, it would violate this court's order of release." Id. at *11; see also United States v. Francisco Alejandro Betancourt Valenzuela, No. 15-1875, 2015 WL 9312476, at *3 (D. Ariz. Dec. 23, 2015) (finding that DHS properly remanded pre-final order defendant to criminal pretrial release while criminal proceedings were underway).

Because the Government has decided to proceed with Garcia's criminal case, her removal proceedings "must take a backseat . . . until the criminal prosecution comes to an end." Blas, 2013 WL 5317228, at *3. As a result, unless Garcia is released from ICE custody pursuant to the conditions set forth in the magistrate judge's order of release by noon on July 6, 2018, the Court will dismiss the indictment against Garcia with prejudice. See Trujillo-Alvarez, 900 F. Supp. 2d at 1180-1181.[1]

---

[1] Garcia asserts in her motion that, based on a statement by the Government at her bond hearing, she is being held in ICE custody for the sole purpose of ensuring her appearance in this criminal matter, rather than for the purpose of effectuating her removal. In response, the Government notes that it was simply attempting to convey that, due to the pace of removal proceedings, it would have time to indict Garcia prior to entry of a final order of removal. Regardless of the statement made at the bond hearing, this issue turns on the interplay between the BRA and INA, and which statute controls where the Government seeks to both prosecute and remove an individual. Because the

4

## III. CONCLUSION

For the foregoing reasons, the Court grants Garcia's motion (Dkt. 50), and orders that, unless Garcia is released from ICE custody pursuant to the conditions set forth in the magistrate judge's order of release by noon on July 6, 2018, the Court will dismiss the indictment against Garcia with prejudice.

SO ORDERED.

Dated: June 27, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2018.

s/Karri Sandusky
Case Manager

---

Court concludes that the BRA controls, Garcia is entitled to pretrial release regardless of the Government's motivation for her administrative detention.